BEAM, Circuit Judge, dissenting
 

 The OSC breached its obligation-indeed, its contractual duty-to notify the public about the Agreement itself when it announced publicly that the "department's investigation
 
 found
 
 " that Nebraska Beef engaged in employment discrimination in violation of the INA.
 
 Weber v. N. Loup River Pub. Power & Irrigation Dist.
 
 ,
 
 288 Neb. 959
 
 ,
 
 854 N.W.2d 263
 
 , 270-71 (2014) (noting that parties' obligations arise from the contracts themselves and that a breach is the nonperformance of a duty). Given the recitals and contract language of this Agreement, along with the portrayal of the Agreement by the parties themselves in this litigation, it is axiomatic that the essential purpose of the Agreement was to avoid costly litigation and to avoid admission of liability on the part of Nebraska Beef regarding the conclusion by the OSC that it had "reasonable cause" to believe that Nebraska Beef violated 8 U.S.C. § 1324b(a)(6).
 

 The court accurately points out that the Agreement did not forbid the OSC from stating that its investigation found violations.
 
 Ante
 
 at 934-35. However, the OSC
 
 was
 
 under an obligation to describe the Agreement accurately, which Agreement established only that the OSC had "reasonable cause" to believe that Nebraska Beef engaged in practices that violated the INA and that Nebraska Beef denied the same. The statement by the OSC in the
 press release that it "found" that the company violated the INA imparts the idea that Nebraska Beef did, indeed, do so, a far cry from a "reasonable cause" to believe that a violation occurred. Accordingly, OSC's public statement was a material breach of its duty under the Agreement to accurately notify and educate the public.
 
 Siouxland Ethanol, LLC v. Sebade Bros., LLC
 
 ,
 
 290 Neb. 230
 
 ,
 
 859 N.W.2d 586
 
 , 592 (2015) ("A 'material breach' is a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract or makes it impossible for the other party to perform under the contract." (alteration and quotation omitted) ). To make a "finding" means "[t]o determine a fact in dispute by verdict or decision." Black's Law Dictionary (10th ed. 2014). There was no such "finding" here. Accordingly, I dissent.